UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. BAKER, | ) | CASE NO. 1:11CV1096 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

Michael E. Baker ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the Court reverses the decision of the ALJ and remands this case for further proceedings consistent with this Memorandum Opinion & Order:

**I.     PROCEDURAL AND FACTUAL HISTORY**

On May 30, 2008, Plaintiff filed applications for DIB and SSI, alleging disability beginning March 18, 2008 due to a heart condition and illiteracy. ECF Dkt. #12 at 101-170, 189.[1] The SSA denied Plaintiff's applications initially and on reconsideration. *Id.* at 101-113. Plaintiff filed a request for an administrative hearing and on December 14, 2009, an ALJ conducted the hearing by videoconference. *Id.* at 114, 7. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). *Id.* at 107.

On February 4, 2010, the ALJ issued a decision denying benefits. ECF Dkt. #12 at 63-70. Plaintiff filed a request for review of the decision, but the Appeals Council denied the request. *Id.* at 56, 75-77. On May 27, 2011, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. On January 30, 2012, Plaintiff filed a merits brief. ECF Dkt. #15. On April 16, 2012, Defendant filed a merits brief and on May 14, 2012, Plaintiff filed a reply. ECF Dkt. #s 17, 19.

---

[1] Page numbers refer to "Page ID" numbers in the electronic filing system.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

In his decision, the ALJ determined that Plaintiff suffered from low intellectual functioning and heart disease, which qualified as severe impairments under 20 C.F.R. §404.1521 *et seq*. and 20 C.F.R. § 416.921 *et seq*. ECF Dkt. #12 at 65. The ALJ next determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id.* He discounted Plaintiff's allegations of limitations and concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with the restrictions of no climbing of ladders, ropes and scaffolds, or working around heights, no working around extreme temperatures, humidity or respiratory irritants, no work requiring English literacy, and only simple and unskilled work. *Id*. at 67. Based upon this RFC and the testimony of the VE, the ALJ found that Plaintiff could return to performing his past relevant work as a lube technician. *Id*. at 70.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to DIB and SSI. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with

the evidence in the first four steps and the Commissioner has the burden in the fifth step.  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV.    STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011), quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted).  An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."  *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).  The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.  *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

### V.    ANALYSIS–STEP FOUR DETERMINATION

All of Plaintiff's challenges concern the ALJ's Step Four finding that he could return to his past relevant work as a lube technician.  ECF Dkt. #15.  One of Plaintiff's assertions is that the ALJ violated Social Security Ruling 82-62 ("SSR 82-62) which required the ALJ to make certain findings of fact in his decision.  *Id*. at 423.  Plaintiff argues that the ALJ found that he could perform his past relevant work not as generally performed, but rather as he actually performed it, and the ALJ was therefore bound by this finding.  *Id*. at 416-419.  Based upon this finding, Plaintiff asserts that substantial evidence does not support the ALJ's determination that he could return to his past

-3-

relevant work as he actually performed it because he worked more than forty hours per week and the ALJ's RFC limited work to forty hours per week. *Id*. at 420-421. Plaintiff further asserts that substantial evidence does not support the ALJ's conclusion that he can return to his past relevant work as actually performed because the ALJ's determination included environmental limitations on exposure to fumes, dust or gas, but his past relevant work as a lube technician as he actually performed it included exposure to respiratory irritants in the workplace. *Id*. at 425-427. Finally, Plaintiff asserts that substantial evidence does not support the ALJ's determination that he could return to his past relevant work as actually performed because the ALJ's determination included a finding that he could not climb ladders or be exposed to heights but Plaintiff's work as he actually performed it required the use of a ladder to access the oil-changing pit. *Id*. at 428-429. Alternatively, Plaintiff asserts that the ALJ failed to develop an adequate record as to the forty-hour workweek, exposure to fumes, and use of a ladder. *Id.* at 423-425, 427, 429.

The Court finds merit to Plaintiff's Step Four claims. At Step Four of the sequential analysis, a claimant will be found not disabled if he is capable of performing his past relevant work as it was actually performed or as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2); 20 C.F.R. § 416.960(b)(2). The claimant bears the burden at Step Four of showing an inability to perform any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). However, courts have found that an ALJ's decision lacks substantial evidence as to a claimant's ability to return to his past relevant work unless the ALJ determines the demands of that work and relates those demands to the claimant's current physical abilities. *See Branch v. Astrue*, No. 4:10CV485, 2010 WL 5116948 (N.D. Ohio Dec. 9, 2010), citing *Goodwin v. Astrue*, 2010 WL 1610942, at *7 (S.D. Ohio Mar. 25, 2010); *Strittmater v. Schweiker*, 729 F.2d 507 (7th Cir. 1984); *Roy v. Sec'y of H.H.S.*, 512 F.Supp. 1245, 1259-60 (C.D. Ill. 1981). If an ALJ fails to advance such proof at Step Four or fails to show that the claimant's RFC is consistent with the demands of his past relevant work, a remand is required. *Branch*, 2010 WL 5116948, at *9.

Social Security Ruling 82-62 outlines the factors that an ALJ must consider in determining a claimant's ability to perform his past relevant work and provides the following in relevant part:

The decision as to whether the claimant retains the functional capacity to perform past work

> which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue clearly and explicitly as circumstances permit.
>
> \* \* \*
>
> A decision that an individual is not disabled, if based on §§404.1520(e) and 416.920(e) of the regulations, must contain adequate rationale and findings dealing with all of the first four steps in the sequential evaluation process.
> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, at *4. In *Foxwell v. Astrue*, United States Magistrate Judge Vecchiarelli recommended reversal and remand of a social security case in part because the ALJ failed to make all of the findings of fact required by SSR 82-62. Judge Vecchiarelli found that while the ALJ made findings of fact as to the claimant's RFC and found that the RFC would allow the claimant to return to her past relevant work, the ALJ failed to make findings of fact as to the physical and mental demands of the past relevant work. No. 3:10CV1002, 2011 WL 4537909, at *10 (N.D. Ohio July 27, 2011). While other issues also required remand of the case, Judge Vecchiarelli indicated that this Step Four failure alone was a basis for remand. *Id*. at *11. The District Court adopted the report and recommendation. *See* 2011 WL 4529338 (N.D. Ohio Sept. 28, 2011).

The ALJ in the instant case found Plaintiff to have the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he cannot climb ladders, ropes and scaffolding or work around heights; he is restricted to simple, unskilled work which does not require English literacy; and he cannot work around extreme temperatures, humidity or respiratory irritants.

ECF Dkt. #12 at 67. At Step Four of his decision, the ALJ found:

> The claimant is capable of performing past relevant work as a lube technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed. This finding is supported by the testimony of the vocational expert.

*Id.* at 70.

Here, as in *Foxwell*, the ALJ made findings of fact as to Plaintiff's RFC and found that the RFC would allow him to return to past relevant work as a lubrication technician. ECF Dkt. #12 at 67, 70. However, he failed to make any findings of fact in his decision as to the physical and mental demands of Plaintiff's past relevant work as a lubrication technician as he actually performed it. The ALJ and the VE did discuss at the hearing that as Plaintiff actually performed his work, his duties were limited to draining the oil and replacing the oil filter. ECF Dkt. #12 at 94. However, no other questions were asked regarding the demands of that job as Plaintiff actually performed it or the other physical demands or mental demands of the job, such as whether Plaintiff had to climb a ladder to get under the vehicle to change the oil or whether he was exposed to fumes. *Id.* Yet, the ALJ presented a hypothetical individual with a RFC which included the same age, education and experience as Plaintiff with the ability to perform light unskilled work with no English literacy required, no use of ladders, ropes or scaffolding, and no exposure to humidity, fumes, dust or gas. *Id.* at 93. The VE responded that he thought such a hypothetical person could perform Plaintiff's past relevant work as a lubrication technician as Plaintiff actually performed it. *Id.* However, the ALJ had no further discussion of the requirements of Plaintiff's past relevant work.

Without the necessary findings of fact as to the physical and mental demands of Plaintiff's past relevant work, the Court finds that substantial evidence does not support the ALJ's Step Four finding. Accordingly, the Court reverses the ALJ's decision and remands this case for reevaluation and analysis of Step Four of the sequential analysis. Since the remand of this case may impact Plaintiff's other assertions that concern the ALJ's Step Four findings, the Court declines to address them at this time.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court REVERSES the ALJ's decision and REMANDS the instant case for reevaluation, analysis and determination of the ALJ's Step Four findings.

DATE: September 20, 2012                     */s/George J. Limbert*
                                             GEORGE J. LIMBERT
                                             UNITED STATES MAGISTRATE JUDGE