UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. BAKER, | ) | CASE NO. 1:11CV1096 |
| | ) | |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE. |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| ACTING COMMISSIONER OF | ) | **& ORDER** |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff Michael E. Baker's ("Plaintiff") supplemental application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") and a second supplemental EAJA application.  ECF Dkt. #s 27, 29.  For the following reasons, the Court GRANTS Plaintiff's supplemental application for attorney fees (ECF Dkt. #27) but DENIES his second supplemental EAJA application (ECF Dkt. #29). Accordingly, the Court AWARDS Plaintiff the amount of $1,173.51 in EAJA attorney fees for the research and drafting of Plaintiff's EAJA reply filed on December 6, 2012.  ECF Dkt. #27.

**I.     PROCEDURAL HISTORY**

On September 20, 2012, this Court reversed the judgment in favor of Defendant and remanded Plaintiff's social security case to the Administrative Law Judge ("ALJ").  ECF Dkt. #s 20, 21.  On  January 17, 2013, this Court granted Plaintiff's motion for EAJA attorney fees but reduced the requested increase in the attorney hourly rate and reduced some non-attorney staff

hours. ECF Dkt. #26. The Court reduced Plaintiff's requested hourly attorney rate to $176.95 for services performed in 2011 and to $180.54 for services performed in 2012. *Id*. at 652-653.

On February 14, 2013, Plaintiff filed the instant supplemental application for attorney fees under the EAJA, requesting attorney fees in the amount of $1,173.51 for preparing Plaintiff's EAJA reply brief that was filed on December 6, 2012 in support of his initial EAJA application. ECF Dkt. #27. On February 28, 2013, Defendant Carolyn W. Colvin ("Defendant"), Commissioner of the Social Security Administration ("SSA"), filed a response to the supplemental application, asserting that the Court should reject Plaintiff's application because he has no valid basis for altering or amending the Court's EAJA award order. ECF Dkt. #28. On March 13, 2013, Plaintiff filed a reply brief and submitted a second supplemental EAJA application for attorney fees in the amount of $902.70 for time spent in researching and drafting this reply brief. ECF Dkt. #29.

**II.** **LAW AND ANALYSIS**

A court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief and supplemental application. *See Rodriguez v. Astrue,* No. 3:11-cv-398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012), citing *Spurlock v. Sullivan*, 790 F.Supp. 979, 982 (N.D.Cal.1992)(citing *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)). A claimant need not prove and a court need not find a second "substantial justification" before awarding EAJA fees for the EAJA fee litigation itself. *Jean*, 496 U.S. 154, 159-160, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). "[A]n award of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee

award, even if the position taken by the government in opposing the fee award is substantially justified." *Spurlock*, 790 F.Supp. at 982, citing *Jean*, 496 U.S. at 165. The Court has wide discretion in determining the amount of a fee award, given its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id*., quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Moreover, "[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

In this case, the Court awarded Plaintiff $5,538.28 in EAJA attorney fees, which included attorney fees for work performed in preparing the initial EAJA application. ECF Dkt. #26. The undersigned is aware of the findings and holdings by other Judges in this District concerning the number of hours that Plaintiff's counsel in this case has charged in other social security cases for research and analysis in support of the sole issue of awarding an increase in counsel's hourly rate for EAJA fees. *See* ECF Dkt. #28 in *English v. Comm'r of Soc. Sec*., Case No. 11-cv-2794 (N.D. Ohio 2012) citing cases; *see also* ECF Dkt. #30 in *Jones v. Comm'r of Soc. Sec*., Case No. 1:10 CV2568 (N.D. Ohio 2012)(citing cases).

However, upon review of Plaintiff's reply in the instant case filed on December 6, 2012 for which Plaintiff seeks EAJA fees in the instant application, the undersigned finds that the great majority of that brief is tailored to Defendant's assertions specific only to the instant case. ECF Dkt. #25. Plaintiff attached the appropriate materials which the undersigned had already found sufficient to justify an increased attorney fee hourly rate, and, in his reply brief, Plaintiff summarily and concisely presented his arguments regarding the increase in the hourly fee by citing to and incorporating the findings and holdings of the same argument that he presented in other cases in

this District rather than repeating the same arguments and elaborating on them further which would have increased the time and charges for attorney fees in this case. *Id*.

Moreover, the Court rejects Defendant's assertion that Plaintiff's supplemental application is an improper post-judgment motion that is subject to review under Rule 59(e) of the Federal Rules of Civil Procedure as a motion to alter or amend the Court's judgment or under Rule 60(b) as a motion to vacate the Court's judgment. ECF Dkt. #28 at 662-663. Defendant fails to cite the Court to any authority holding that a claimant's supplemental application for EAJA fees filed after a court's ruling awarding initial fees must be filed under or considered under either of the Rules. In fact, the Sixth Circuit has held that a plaintiff is not to use a Rule 59(e) motion for a supplemental request for attorney fees. *See Brown v. Local 58, Intern. Broth. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 769 (6th Cir. 1996)("the fact that this application was supplemental to another fee application does not transform the request into a Rule 59(e) motion"), citing *White v. New Hampshire Dept' of Employment Sec*., 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)(Rule 59(e) "never intended to apply" to request for attorneys' fees because such requests raise legal issues collateral to the underlying cause of action). The *Brown* Court did not, however, explain the basis upon which the court could consider a supplemental application for attorney fees. *U.S. v. Eleven Vehicles, Their Equipment & Accessories*, 200 F.3d 203, 209, n.6 (3d. Cir. 2000).

In *Eleven Vehicles*, the Third Circuit held that once the jurisdictional elements of the initial EAJA application for attorney fees is shown, "the strictures of the EAJA do not dictate when a request for *supplemental* fees must be filed." 200 F.3d at 210 [emphasis in original]. The Third Circuit held that in the absence of a statutory requirement, a Federal Rule of Civil Procedure or a local court rule, "'the only time limitation arises out of those equitable considerations that a district

judge may weigh in his discretion.'" *Id.*, quoting *Hicks v. Southern Maryland Health Systms. Agency*, 805 F.2d 1165, 1166-1167 (4th Cir. 1986)(other citations omitted). Relying on *Eleven Vehicles*, the Sixth Circuit noted that a court should consider later filed supplemental requests for such attorney fees incurred after the filing of the initial EAJA application. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 131, n. 1. (6th Cir. 2007), citing *Eleven Vehicles*, 200 F.3d at 209-210.

The Court finds the timing of Plaintiff's filing of his supplemental application for EAJA fees in this case to be reasonable. While the better practice would have been to seek supplemental EAJA attorney fees with the submission of his reply brief, no rule required him to do so and the time in which he filed the supplemental application was not otherwise unreasonable.

Thus, the Court finds that Plaintiff is entitled to an award of EAJA attorney fees for time spent drafting his December 6, 2012 reply (ECF Dkt. #27). The Court must also determine that the hours expended by counsel and the rate charged for such time is reasonable. In awarding EAJA fees in the initial application, the Court found that the hourly rate for attorney fees in 2012 was $180.54. ECF Dkt. #26 at 652. Accordingly, the Court uses this rate as the proper rate for the work of Plaintiff's counsel in drafting the reply brief on December 5 and December 6 of 2012. ECF Dkt. #27 at 658. Counsel indicates that he spent 1.8 hours on December 5, 2012 and 4.7 hours on December 6, 2012 researching and preparing Plaintiff's EAJA reply brief. *Id.* The Court notes that the reply brief is 14 pages long, specifically addresses Defendant's contentions regarding the instant case, and incorporates by reference the arguments made in prior decisions on the hourly rate issue, thereby reducing the amount of time used and charged for legal argument in the instant reply.

Accordingly, the Court GRANTS Plaintiff's supplemental EAJA application for attorney fees in preparing and drafting the December 6, 2012 reply brief and therefore AWARDS Plaintiff

-5-

an additional 6.5 hours of attorney fees at the rate of $180.54, which equals a total amount of $1,173.51. ECF Dkt. #27.

While the Court finds that Plaintiff is entitled to supplemental EAJA attorney fees for the preparation and drafting of his December 6, 2012 reply brief, the Court DENIES Plaintiff's second supplemental EAJA application that he requested with his reply in support of his first supplemental application filed on March 13, 2012. ECF Dkt. #29. As Magistrate Judge Vecchiarelli has noted, "[a]t some point, fees in pursuit of fees are not reasonable." *Rodriguez*, 2012 WL 3138704, at *3. Another court has held that "an attorney's entitlement to fees should end with time spent in replying to the initial EAJA application. Allowing Plaintiff to continue to request fees for work performed on supplemental applications would permit a never-ending cycle of EAJA fee requests." *Belcher v. Astrue*, No. 1:09cv1234, 2011 WL 3847181, at *2 (E.D. Cal. Aug. 30, 2011), unpublished. This Court finds that the second supplemental application is the point at which reasonableness in pursuing fees for fees ends. For these reasons, the Court DENIES Plaintiff's second supplemental EAJA application. ECF Dkt. #29.

As with this Court's prior EAJA application award, it is ORDERED that Defendant follow the same procedure that she has followed in other cases, which is to determine whether Plaintiff owes a preexisting debt and offset that debt within 30 days from the date of the Court's Order and thereafter directly pay to Plaintiff's attorney the balance to be credited toward attorney fees.

IT IS SO ORDERED.

Date: March 25, 2013 */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE J JUDGE